UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MUNN S. JO, | Case No. 09-12276 |
| Plaintiff, | Nancy G. Edmunds |
| vs. | United States District Judge |
| TRIPLE C TRANSPORTATION COMPANY, INC., *et al.*, | Michael Hluchaniuk United States Magistrate Judge |
| Defendants. / | |

**ORDER TRANSFERRING VENUE TO
THE WESTERN DISTRICT OF NEW YORK[1]**

A. <u>Procedural History</u>

Plaintiff, Munn S. Jo, filed a complaint against defendants Triple C Transportation Company, Inc. and John P. Current on June 12, 2009. (Dkt. 12). District Court Judge Nancy G. Edmunds issued an order for plaintiff to show cause why the case should not be dismissed for lack of federal court jurisdiction. (Dkt.

---

[1] As Magistrate Judge Randon recently pointed out in *Ghaith v. Rauschenberger*, 2010 WL 431596, *1 n. 1 (E.D. Mich. 2010), *aff'd* 2010 WL 1644054 (E.D. Mich. 2010), motions to change venue are non-dispositive because they do not address the merits of the parties' claims and should proceed by order rather than report and recommendation, subject to review under the "clearly erroneous" standard. As such, the undersigned is authorized to issue an order to transfer venue, rather than a report and recommendation. *See also Hernandez v. Curtin*, 2009 WL 94760, *1, n. 1 (E.D. Mich. 2009) ("A motion to transfer venue is a non-dispositive pretrial matter which a Magistrate Judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A).").

1

2). After reviewing plaintiff's response, Judge Edmunds issued an order indicating that plaintiff had satisfied the order to show cause. On September 9, 2009, certificates of service were filed indicating that defendants had been served. (Dkt. 10, 11). On September 29, 2009, Judge Edmunds issued an order for plaintiff to show cause why this case should not be dismissed for failure to prosecute. (Dkt. 11). After considering plaintiff's response, Judge Edmunds issued an order indicating that plaintiff had satisfied the order to show cause. (Dkt. 15).

On October 15, 2009, plaintiff requested a clerk's entry of default, which was entered by the Clerk of the Court on October 16, 2009. (Dkt. 13, 14). On October 26, 2009, Judge Edmunds issued an order requiring plaintiff to submit evidence showing proper service on defendants. (Dkt. 16). After reviewing plaintiff's submission, Judge Edmunds notified plaintiff that the service indicated failed to comply and denied plaintiff's motion for reconsideration. (Dkt. 19, 20).

Plaintiff filed a motion to recuse Judge Edmunds, which was denied. (Dkt. 22, 24). Judge Edmunds issued a second order for plaintiff to show cause why this matter should not be dismissed for failure to prosecute. (Dkt. 25). Judge Edmunds, after considering plaintiff's response, issued an order indicating that plaintiff had satisfied the order to show cause. (Dkt. 27). Plaintiff filed a motion to amend the complaint, which was granted by Judge Edmunds. (Dkt. 30, 31). On April 1, 2010, plaintiff filed a certificate of service indicated that defendants had

been served with the amended complaint. (Dkt. 32). Plaintiff filed a letter he sent to defendants "warning" them about an entry of default. (Dkt. 34). Plaintiff then filed a motion for entry of default. (Dkt. 35).

    B.    <u>Analysis and Conclusions</u>

Transfer of venue pursuant to 28 U.S.C. § 1406(a) may be raised *sua sponte* by the Court. *Flynn v. Greg Anthony Construction Co.*, Inc., 95 Fed.Appx 726, 738 (6th Cir. 2003) (Congress has enacted a number of statutes that give federal courts the power to transfer cases *sua sponte.*). A Court does not need personal jurisdiction over a defendant in order to transfer a case to a different venue. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *Pittock v. Otis Elevator Co.*, 8 F.3d 325 (6th Cir. 1993).

Because federal subject matter jurisdiction in this case is based solely on diversity of citizenship under 28 U.S.C. § 1332, venue is governed by 28 U.S.C. § 1391(a). *State Farm Mut. Auto. Ins. Co. v. Hawkins*, 2008 WL 1792282, *5 (E.D. Mich. 2008). Section 1391 provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ..., or (3) a judicial district in which any defendant is subject to personal jurisdiction at

the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). Title 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1406(a) allows a district court to grant a change of venue when venue was improper in the original forum. Section 1406(a) is a provision that "confer[s] broad discretion in ruling on a motion to transfer." *Stanifer v. Brannan*, 564 F.3d 455, 456-57 (6th Cir. 2009).

According to plaintiff's amended complaint, defendants are residents of the State of New York and plaintiff is a resident of the State of Michigan. (Dkt. 30, p. 4). Specifically, plaintiff alleges that all defendants reside in Big Flats, New York, which is located within the Western District of New York. Plaintiff alleges that venue is proper in the Eastern District of Michigan because subject matter jurisdiction is based on diversity of citizenship and this case can be brought in the district where plaintiff resides. *Id.* According to plaintiff's amended complaint, all of the events that give rise to his claims occurred in Corning, New York, which is also located within the Western District of New York. (Dkt. 30, pp. 6-11). The sole basis for plaintiff's claim that venue is proper in the Eastern District of Michigan is that *plaintiff* resides in this district. However, under § 1391(a), that is

4

not a proper basis for venue in a case based on diversity jurisdiction. Thus, the allegations in plaintiff's amended complaint makes it clear that the Eastern District of Michigan is not a proper venue for his claims, given that no defendant resides in this district and none of the events giving rise to claims occurred here. Under the circumstances, where it is clear from the complaint that all defendants reside in the Western District of New York and all the events giving rise to plaintiff's claims occurred in the Western District of New York, in the interests of justice, this matter is appropriately transferred to that court.

    **IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate.

Date: July 19, 2010

s/Michael Hluchaniuk  
Michael Hluchaniuk  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on July 19, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Munn S. Jo, Post Office Box 20251, Ferndale, MI, 48220-0251</u>.

                                                    s/Tammy Hallwood
                                                    Case Manager
                                                    (810) 341-7887
                                                    tammy_hallwood@mied.uscourts.gov